



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAR -2 PM 12:06

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER 00-170 |
| ALISHA WILLIAMS | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

THE DEFENDANT, ALISHA WILLIAMS, CAME AND APPEARED BEFORE THIS COURT WITH COUNSEL ON MARCH 2, 2005, FOR A HEARING ON THE GOVERNMENT'S JANUARY 19, 2005 RULE TO REVOKE SUPERVISED RELEASE. AFTER THE DEFENDANT ENTERED A GUILTY PLEA TO A CHARGE OF CONSPIRACY TO DISTRIBUTE HEROIN AND CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN IN VIOLATION OF 21 U.S.C. §846, THE HONORABLE EDITH BROWN CLEMENT SENTENCED HER TO TWELVE (12) MONTHS IMPRISONMENT FOLLOWED BY A THREE-YEAR TERM OF SUPERVISED RELEASE ON FEBRUARY 14, 2001. A SPECIAL ASSESSMENT OF $100 WAS IMPOSED.

FOR THE DURATION OF HER SUPERVISED RELEASE, THE DEFENDANT WAS ORDERED TO COMPLY WITH THE MANDATORY AND STANDARD GENERAL CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT. IN ADDITION, THE

FOLLOWING SPECIAL CONDITIONS WERE IMPOSED: (A) THAT THE DEFENDANT PROVIDE THE PROBATION OFFICER WITH ACCESS TO ANY REQUESTED FINANCIAL INFORMATION; (B) THAT THE DEFENDANT NOT INCUR NEW CREDIT CHARGES OR OPEN ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER UNLESS SHE IS IN COMPLIANCE WITH THE INSTALLMENT PAYMENT SCHEDULE; (C) THAT THE DEFENDANT PARTICIPATE IN AN ORIENTATION AND LIFE SKILLS PROGRAM AS DIRECTED BY THE PROBATION OFFICER; (D) THAT THE DEFENDANT OBTAIN A GED WHILE INCARCERATED; (E) THAT THE DEFENDANT PARTICIPATE IN A PROGRAM OF MENTAL HEALTH TREATMENT, AS DIRECTED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE PROBATION OFFICER; AND (F) THAT THE DEFENDANT NOT POSSESS A FIREARM. THE DEFENDAN'T'S TERM OF SUPERVISED RELEASE COMMENCEC ON ON FEBRUARY 1, 2000.

THE COURT HAS FOUND THAT THE DEFENDANT VIOLATED THE CONDITION OF SUPERVISION THAT SHE "SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME" BY BEING ARRESTED FOR, AND, ON OCTOBER 28, 2004, PLEADING GUILTY TO THEFT OVER $500.00, IN CASE NUMBER 383-012-1, IN THE 22ND JUDICIAL DISTRICT COURT OF THE PARISH OF ST. TAMMANY. THE PARTIES HAVE STIPULATED THAT THE DEFENDANT'S CONVICTION CONSTITUTES A VIOLATION OF THE CONDITIONS OF HER SUPERVISED RELEASE.

HAVING CONSIDERED THE RELEVANT STATUTES AND CASE LAW, AS WELL AS THE ADVISORY PROVISIONS OF THE UNITED STATES SENTENCING

GUIDELINES, AND THE CHAPTER 7 POLICY STATEMENTS OF THE UNITED STATES SENTENCING COMMISSION, THE COURT FINDS REVOCATION AND IMPRISONMENT TO BE APPROPRIATE UNDER THE DISCRETIONARY AUTHORIZATION PROVIDED BY 18 U.S.C. §3583(E)(3), AND POLICY STATEMENT §7B1.3(a)(1). PURSUANT TO THE CHAPTER 7 POLICY STATEMENTS, THE APPLICABLE RANGE OF PRISON TIME DEPENDS ON THE DEFENDANT'S CRIMINAL HISTORY CATEGORY AND THE GRADE OF THE SUPERVISED RELEASE VIOLATION. HERE, THE DEFENDANT'S CRIMINAL HISTORY CATEGORY IS A "I" AND THE SUPERVISED RELEASE VIOLATION IS A "GRADE B" VIOLATION. USING A "GRADE B" VIOLATION AND A CRIMINAL HISTORY CATEGORY OF "I", THE COURT FINDS THAT THE APPLICABLE RANGE OF IMPRISONMENT IS 4-10 MONTHS.

PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AS MODIFIED BY THE RECENT U.S. SUPREME COURT DECISIONS IN *UNITED STATES. V. BOOKER* AND *UNITED STATES V. FANFAN*, 125 S. CT. 738 (2005), AND CONSIDERING THE ADVISORY PROVISIONS OF THE SENTENCING GUIDELINES AND THE CHAPTER 7 POLICY STATEMENTS, PARTICULARLY INCLUDING POLICY STATEMENT §7.1B3(c)(1), IT IS THE JUDGMENT OF THIS COURT THAT THE DEFENDANT'S TERM OF SUPERVISED RELEASE IS REVOKED, AND THAT SHE IS COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS, THROUGH THE UNITED STATES MARSHAL, FOR A PERIOD OF ONE DAY.

UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL BE PLACED ON SUPERVISED RELEASE FOR A PERIOD OF FOUR (4) MONTHS. WITHIN 72

HOURS OF HER RELEASE FROM THE CUSTODY, THE DEFENDANT SHALL REPORT TO THE UNITED STATES PROBATION OFFICE IN THE DISTRICT TO WHICH HE IS RELEASED.

WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, SHALL NOT POSSESS A FIREARM, AND SHALL COMPLY WITH THE MANDATORY CONDITIONS REQUIRED BY 18 U.S.C. §3583 AND §5D1.3 OF THE UNITED STATES SENTENCING GUIDELINES, AS WELL AS THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT. IN ADDITION, THE FOLLOWING SPECIAL CONDITIONS ARE IMPOSED: (1) THAT THE DEFENDANT BE ON HOME DETENTION FOR A PERIOD OF FOUR (4) MONTHS AND CONTRIBUTE TO THE COST OF THAT DETENTION TO THE EXTENT DEEMED CAPABLE BY THE PROBATION OFFICER; (2) THAT THE DEFENDANT MAINTAIN HER CURRENT EMPLOYMENT OR MAKE GOOD-FAITH EFFORTS TO OBTAIN OTHER FULL-TIME EMPLOYMENT, IF HER CURRENT EMPLOYMENT IS DISCONTINUED; (3) THAT THE DEFENDANT PROVIDE THE PROBATION OFFICER WITH ACCESS TO ANY REQUESTED FINANCIAL INFORMATION; (4) THAT THE DEFENDANT PARTICIPATE IN AN ORIENTATION AND LIFE SKILLS PROGRAM AS DIRECTED BY THE PROBATION OFFICER, IF SHE DID NOT COMPLETE THIS PROGRAM AS PART OF HER ORIGINAL TERM OF SUPERVISED RELEASE; AND (5) THAT THE DEFENDANT PARTICIPATE IN A PROGRAM OF MENTAL HEALTH TREATMENT, AS DIRECTED BY THE PROBATION OFFICER, UNTIL SUCH TIME AS THE DEFENDANT IS RELEASED FROM THE PROGRAM BY THE PROBATION OFFICER.

FAILURE TO COMPLY WITH ANY OF THE MANDATORY, STANDARD, OR SPECIAL CONDITIONS TO SUPERVISED RELEASE MAY RESULT IN REVOCATION OF SUPERVISED RELEASE.

PURSUANT TO 18 U.S.C. §3583(F), IT IS FURTHER ORDERED THAT THE PROBATION OFFICER PROVIDE THE DEFENDANT WITH A WRITTEN STATEMENT SETTING FORTH ALL OF THE CONDITIONS TO WHICH THE TERM OF SUPERVISED RELEASE IS SUBJECT.

IN SELECTING THE DEFENDANT'S SENTENCE, THE COURT HAS CONSIDERED HER CRIMINAL HISTORY, THE CIRCUMSTANCES SURROUNDING HER ARREST AND CONVICTION IN ST. TAMMANY PARISH, HER OTHERWISE SATISFACTORY COMPLETION OF THE CONDITIONS AND REQUIREMENTS OF HER THREE-YEAR TERM OF SUPERVISED RELEASE, THE STATEMENTS MADE BY HER AND HER COUNSEL AT THE REVOCATION HEARING, AND THAT SHE HAS MAINTAINED GAINFUL AND FULL-TIME EMPLOYMENT FOR APPROXIMATLEY THREE YEARS. THE COURT IS ALSO COGNZANT THAT THE DEFENDANT HAS BEEEN SENTENCED TO A TERM OF FIVE YEARS PROBATION BY THE STATE COURT FOR THE STATE LAW OFFENSE THAT HAS RESULTED IN THIS REVOCATION PROCEEDING.  THE COURT FINDS THAT THE SENTENCE IMPOSED PROMOTES RESPECT FOR THE LAW, PROVIDES JUST PUNISHMENT, AFFORDS ADEQUATE DETERRENCE, PROTECTS THE PUBLIC, AND FURTHERS THE GOALS AND PURPOSES OF SUPERVISED RELEASE.

THE COURT ORDERED THAT ALISHA WILLIAMS BE REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL FOR THE COMPLETION OF HER ONE-DAY TERM OF IMPRISONMENT.

NEW ORLEANS, LOUISIANA, THIS 2nd DAY OF MARCH 2005.

                                      KURT D. ENGELHARDT
                                      UNITED STATES DISTRICT JUDGE